UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM YEE,

                Plaintiff,                No. 07-CV-15463-DT

vs.                                            Hon. Gerald E. Rosen

CHRISTINE ROCHE et al.,

                Defendants.
_____/

MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT, WITH PREJUDICE

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     February 22, 2008

        PRESENT:  Honorable Gerald E. Rosen
                            United States District Judge

The above-captioned case is presently before the Court pursuant to an Order to Show Cause entered on January 31, 2008 directing Plaintiff to show cause in writing why Plaintiff's claims in this case should not be dismissed on *res judicata,* collateral estoppel, *Rooker-Feldman*, statute of limitations and/or absolute judicial or quasi-judicial immunity grounds. Plaintiff responded to the Court's Show Cause Order on February 11, 2008.

This case was reassigned to this Court pursuant to Eastern District of Michigan Local Rule 83.11as a companion case to a case previously filed by Plaintiff, *Yee v. Michigan Supreme Court, et al.*, No. 06-CV-15142-DT, which was previously dismissed

1

by this Court, in its entirety, with prejudice. The dismissal of Plaintiff's earlier Complaint against the various named defendants was predicated upon a number of grounds including absolute judicial and quasi-judicial immunity, statute of limitations, and the *Rooker-Feldman* and collateral estoppel doctrines. Plaintiff subsequently appealed the Court's rulings to the Sixth Circuit Court of Appeals, and on January 24, 2008, the Court of Appeals affirmed all of this Court's rulings.

Meanwhile, on December 27, 2007, Plaintiff filed the instant Complaint. As Plaintiff admits in his Response to the Order to Show Cause, Plaintiff's current Complaint is "virtually identical" in all material respects to the previously dismissed action. *See* Plaintiff's Response to Order to Show Cause, ¶ 20. In light of the Court's rulings in Plaintiff's previous action and the Sixth Circuit's decision affirming those rulings, which rulings are specifically incorporated by reference herein, there is no question that Plaintiff's claims in this action -- or at least 749 of the 750 paragraphs of that complaint -- are barred by *res judicata,* collateral estoppel and/or the *Rooker-Feldman* doctrines, and a number of Plaintiff's claims against various defendants[1] also barred by

---

[1] Although Plaintiff only lists Christine Roche and Philip Dulmage as party-defendants in the case caption, the various "counts" within the Complaint are specifically asserted against various other parties including Shiawassee County Prosecutors Randy Colbry and Craig Wininger, Shiawassee and Genesee County Circuit Judges Judith Fullerton, James Clatterbaugh, Judge Gerald Lostracco, various Judges of the Michigan Court of Appeals, and Justices of the Michigan Supreme Court, and, in fact, the captions of the various counts reflect this. Further, the paragraphs within Plaintiff's Complaint specifically identify the various alleged "conspirators" and "Defendants." *See e.g.*, ¶ 281 identifying as "Defendants" Judge Lostracco, the Shiawassee County Friend of the Court, and Friend of the Court officers Louis Belzer, Daniel Loomis and Christine Gazella,

applicable statute(s) of limitations and absolute judicial or quasi-judicial immunity, as explained in the Court's various rulings in *Yee v. Michigan Supreme Court, et al*, E.D. Mich. No. 06-CV-15142-DT.

Plaintiff argues, however, that the instant complaint is not identical, and, therefore, should not be dismissed, as to acts that occurred after this Court's dismissal of Case No. 06-15142. He complains, however, of only one such act as alleged in Paragraph 19 of the Complaint, which states:

> On June 14, 2007, Judge Lostracco did again deny William Yee's motion to add Philip Dulmage as a party [to his state court divorce action].

Clearly, the allegations in this paragraph concern Judge Lostracco's judicial actions. As the Court explained in finding Plaintiff's claims against the Judges named in *Yee v. Michigan Supreme Court, et al.,* No. 06-16142,[1]

> It is well-established that judges, when acting within the scope of their authority and subject matter jurisdiction, are cloaked with absolute immunity under both federal and state law. *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286 (1991); *Ireland v. Tunis*, 113 F.3d 1435, 1440-43 (6th Cir. 1997); Barrett *v. Harrington*, 130 F.3d 246 (6th Cir. 1997), *cert. denied*, 118 S.Ct. 1517 (1998); *Ross v. Consumers Power Co.*, 420 Mich. 567, 632, 363 N.W.2d 641, 667 (1985) (Absolute immunity is granted to judges, even for malicious acts, as long as they are acting within their judicial authority). *Cf.*, M.C.L. § 691.1407(5) ("Judges. . . are immune from tort liability for injuries to persons or damages to property whenever they are acting within the scope of their judicial. . . authority.") A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227 (1988). The protection of absolute judicial immunity attaches so long as the challenged action "is a function normally performed by a judge" and occurred while the judge was acting

---

[1] among others.

3

> "in his or her judicial capacity." *Ireland v. Tunis*, *supra*, 113 F.3d at 1440-41 (quoting *Mireles v. Waco*, *supra*, 502 U.S. at 13, and *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107-08 (1978).

*Yee v. Michigan Supreme Court, et al.,* No. 06-CV-15142-DT, 1/10/07 Opinion and Order, pp. 4-5.

In this case, Plaintiff, himself has made clear that the only action he complains of that did not arise until after the dismissal of his 2006 Complaint arises out of Judge Lostracco's denial of his motion to add additional parties to his state court divorce action on June 14, 2007. Plaintiff's protestations notwithstanding, it is clear that Judge Lostracco took the challenged action while acting "in his judicial capacity." Thus, under well-settled law, Judge Lostracco is entitled to absolute immunity. Therefore, Plaintiff has failed to state a claim arising out of Judge Lostracco's June 14, 2007 denial of his motion to add Philip Dulmage as a party to his divorce action upon which relief may be granted.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that this case be DISMISSED, IN ITS ENTIRETY, with prejudice.

The Court further finds that the claims alleged in Plaintiff's Complaint are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Therefore, the Court finds

4

that in filing and continuing the prosecution of the instant Complaint Plaintiff has violated Fed. R. Civ. P. 11.  The Court previously warned Plaintiff of his Rule 11 obligations in connection with his earlier lawsuit.  *See Yee v. Michigan Supreme Court, et al.,* No. 06-CV-15142-DT, 3/15/07 and 4/19/07 Orders, Dkt. Nos. 199 and 206.  The Court again specifically put Plaintiff on notice on January 31, 2008 of his Rule 11 obligations in the Order to Show Cause in the instant matter.   Plaintiff having been duly put on notice of his Rule 11 obligations,

    IT IS FURTHER ORDERED that Rule 11 sanctions be imposed upon Plaintiff for filing a frivolous lawsuit.  Plaintiff shall pay to the Court the sum of $ 500.00 as sanctions for violating Fed. R. Civ. P. 11.


                                s/Gerald E. Rosen  
                                Gerald E. Rosen  
                                United States District Judge

Dated:  February 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2008, by electronic and/or ordinary mail.

                                s/LaShawn R. Saulsberry  
                                Case Manager